**"O"**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER FIGUEROA, | ) | Case No. EDCV05-00348-MLG |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING DECISION |
| | ) | OF COMMISSIONER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation ("Jt Stip").[1]

1.  <u>Whether the Administrative Law Judge ("ALJ") complied with the Court' Previous Remand Order, Which Required the Consideration of the Daily Activities Questionnaire submitted by Plaintiff's mother.</u>

\\

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Plaintiff contends that the ALJ ignored the Court's previous remand order which required the ALJ to address the written report submitted by Plaintiff's mother. The ALJ acknowledged that the "District Court further instructed me to address the testimonial report submitted by the [Plaintiff's] mother," (AR at 369), but in doing so only commented that "the [Plaintiff] began filling out this form because the hand writing on the first page of the form matches the [Plaintiff's] signature elsewhere in the file," (AR at 372). (JS at 7). No other analysis was offered. The Commissioner contends that even if the ALJ did not appropriately consider the Daily Activities Questionnaire of Plaintiff's mother, any failure constitutes harmless error. *Johnson v. Shalala*, 60 F.3d 1428, 1436 n. 9 (9th Cir. 1995).

In the June 28, 2004 remand order, this Court instructed the ALJ to address the written testimony of Plaintiff's mother. Under the regulations and governing Ninth Circuit law, relevant lay witness testimony is admissible and must be taken into account unless specific and germane reasons are given to disregard it. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ's reason for disregarding the Questionnaire is only sufficient with regard to the portion of the Questionnaire that Plaintiff completed. Even if Plaintiff completed the first page of the questionnaire, five additional pages of the questionnaire were completed by Plaintiff's mother and the ALJ should have considered them as directed in the remand order.[2]

\\

---

[2] The ALJ is not only expected, but required to follow this Court's Orders on Remand. While this case is extraordinary, failure to do so in the future will result in additional remands until the Order is complied with.

1      However, the Court agrees with the Commissioner that in this case,
2 the failure constitutes harmless error. *See Curry v. Sullivan*, 925 F.2d
3 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of
4 administrative decisions regarding disability).  The restrictions that
5 Plaintiff's mother listed in the Daily Activities Questionnaire are
6 consistent with the findings of the ALJ.  For example, Plaintiff's
7 mother stated that Plaintiff's behavior is very harsh, that he is
8 nervous, and has difficulty getting along with others.  (AR at 107).  In
9 his decision, the ALJ found that Plaintiff's mental impairment limits
10 his interaction with the public.  (AR at 374).  When asked whether
11 Plaintiff has trouble following instructions or finishing a task or
12 chore, Plaintiff's mother stated that Plaintiff's father or brother
13 typically help Plaintiff finish the job.  (AR at 107).  The ALJ found
14 that Plaintiff's mental impairment limits him to simple repetitive tasks
15 which do not require reading or verbal tasks.  (AR at 374).  Although
16 the ALJ did not explicitly address the limitations to which Plaintiff's
17 mother testified, the ALJ's findings incorporated these limitations.
18 Accordingly, the ALJ's failure to discuss the testimony of Plaintiff's
19 mother is harmless error and does not warrant remand.

20 2. <u>Whether the ALJ properly considered the opinion of the treating
21    psychiatrist.</u>

22      In the second disputed issue, Plaintiff contends that the ALJ
23 failed to consider the opinion of the treating psychiatrist. (JS at 9).
24 The Commissioner contends that this issue was considered and rejected
25 previously.  (JS at 11).  Plaintiff's contention is without merit.  In
26 the 2004 Order, this Court found the ALJ's reasons for giving the
27 opinion of the treating psychiatrist less weight to be substantially
28 supported.  (AR at 428-31).  The ALJ incorporated his earlier reasoning

into the 2005 decision by stating that "[t]he prior decision of January 23, 2003 is incorporated in this decision and is submitted by the following information, analysis and findings." (AR at 369). Moreover, no new psychiatric evidence was submitted following the 2004 remand. (AR at 370). Accordingly, the Court finds that the ALJ properly evaluated the opinion of the treating psychiatrist.

3. <u>Whether the ALJ properly considered the consultative examiner's evaluation.</u>

In response to the third disputed issue, the Commissioner contends that the Court previously considered and dismissed a similar argument. (JS at 14). The Commissioner further contends that the ALJ had no obligation to further develop the record as it was adequate. (JS at 16). Plaintiff's contention that the ALJ improperly considered the consultative examiner's evaluation is without merit. In the 2004 decision, this Court analyzed a similar argument and found that the ALJ reasonably inferred "that Plaintiff's performance IQ score may have been depressed owing to drug and alcohol use." (AR at 432). This Court has previously found and again finds that the ALJ properly considered the consultative examiner's evaluation.

## Order

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security, and dismissing this action with prejudice.

DATED: April 6, 2006          */S/ Marc L. Goldman*
                              _____
                              Marc L. Goldman
                              United States Magistrate Judge